CHRISTOPHER B. GHIO (259094)
Christopher.ghio@dinsmore.com
VENEETA JASWAL (320108)
veneeta.jaswal@dinsmore.com
655 West Broadway, Suite 800
San Diego, California 92101
Tele: (619) 400-0468
Fax: (619) 400-0501

RICHIK SARKAR (OH 0069993)
*Admitted pro hac vice*
richik.sarkar@dinsmore.com
1001 Lakeside Avenue, Suite 990
Cleveland, Ohio 44114
Tele: (216) 413-3838
Fax: (216) 413-3839

Special Counsel to Richard A. Marshack, former Chapter 11 Trustee for the Bankruptcy Estate of The Litigation Practice Group P.C. and current liquidating trustee of the LPG Liquidation Trust

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION**

| | |
|---|---|
| In re: | Case No.: 8:23-bk-10571-SC |
| THE LITIGATION PRACTICE GROUP P.C., | Adv. Proc. No. 8:24-ap-01040-SC |
| Debtor. | Chapter 11 |
| RICHARD A. MARSHACK, | **PLAINTIFF RICHARD MARSHACK, FORMER CHAPTER 11 TRUSTEE AND CURRENT LIQUIDATING TRUSTEE'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |
| Plaintiff, | |
| v. | |
| MARICH BEIN, LLC; BANK UNITED, N.A., et al., | |
| Defendants. | **Date:** March 5, 2025<br>**Time:** 11:00 a.m.<br>**Judge:** Hon. Scott C. Clarkson<br>**Dept.:** 411 West Fourth Street<br>Courtroom 5C – Via Zoom<br>Santa Ana, California 92701 |

1

Plaintiff, Richard A. Marshack, in his capacity as the former Chapter 11 Trustee for the bankruptcy estate of the Litigation Practice Group P.C. and current Liquidating Trustee of the LPG Liquidation Trust ("Trustee") of the Bankruptcy Estate of The Litigation Practice Group P.C. ("Debtor" or "LPG") hereby submits this Motion for Leave to file a First Amended Complaint pursuant to Federal Rules of Civil Procedure, Rule 15(a)(2), incorporated into adversary proceedings by Federal Rules of Bankruptcy Procedure, Rule 7015 (the "Motion"). In support of the Motion, Trustee submits the following Memorandum of Points and Authorities and the Declaration of Veneeta Jaswal, and respectfully represents as follows:

## I. INTRODUCTION

By this Motion, Trustee seeks leave to amend the operative Complaint in this matter to add information learned through discovery and investigation. The proposed amendments would (1) name additional parties BCB Bancorp, Inc. d/b/a BCB Community Bank, Pacific Staffing, LLC, CallFi, LLC, AcuFi, LLC, Heshy Deustch, Nachman Weisz, Nicholas Kohlschreiber, and Israel Reches; and (2) add new causes of action for Racketeer Influenced and Corrupt Organizations Act Violations, conspiracy, aiding and abetting, and declaratory relief based on allegations of their involvement in a criminal enterprise of directing fraudulent transfers in furtherance of Debtor's Ponzi scheme, diverting monies due to Debtor, obtaining dominion and control over Debtor's client files without consent, and engaging in wire fraud by directing fraudulent transfers. Accordingly, Trustee respectfully requests that the Court grant Trustee's Motion for Leave to File an Amended Complaint as set forth in detail herein.

## II. RELEVANT PROCEDURAL HISTORY

On March 20, 2023, Debtor filed a Voluntary Petition for Relief under Chapter 11 of Title 11 of the United States Code, sections 101, et seq. (the "Bankruptcy Code"), commencing the Bankruptcy Case [Bk. Dkt. No. 1]. On May 4, 2023, the Court entered the Order Directing United States Trustee to Appoint a Chapter 11 Trustee [Bk. Dkt. No. 58], and on May 9, 2023, the Trustee filed his Acceptance of Appointment as Chapter 11 Trustee, though he no longer serves in that capacity. [Bk. Dkt. No. 63]. Effective September 24, 2024, Trustee became the Liquidating Trustee of the Debtor's Liquidation Trust pursuant to the Order Confirming Modified First

2

Amended Joint Chapter 11 Plan of Liquidation entered on September 9, 2024, and the Notice of Occurrence of Effective Date of Modified First Amended Joint Chapter 11 Plan of Liquidation filed on September 24, 2024. [Bankr. Dk. Nos. 1646 and 1762].

On March 26, 2021, Trustee filed this Adversary Proceeding against Marich Bein, LLC, BankUnited, N.A., GoFi, LLC, Vulcan Consulting Group, LLC and Lisa Cohen. [Adv. Dkt. No. 1]. Marich Bein filed its answer to the Complaint on April 22, 2024 and BankUnited, N.A. filed its answer on April 25, 2024. [Adv. Dkt. Nos. 15 and 19]. Defendants GoFi, LLC, Vulcan Consulting Group, LLC and Lisa Cohen failed to file timely responsive pleadings.

The Court held a status conference on June 12, 2024 and issued a scheduling order with the following deadlines:

- Last date for non-discovery pre-trial motions to be heard:  February 13, 2025
- Last day for discovery to be completed:  January 10, 2025
- Pre-trial conference:  April 9, 2025 at 11:00 a.m.

[Adv. Dkt. No. 31.]

On October 9, 2024, Trustee served on Defendant BankUnited, N.A. with a subpoena to produce documents relevant to this litigation. Initially, on November 1, 2024, BankUnited, N.A. produced 12 pages of redacted financial documents. Shortly thereafter, on November 4, 2024, BankUnited supplemented the initial production with an additional 558 pages of documents. Review of the documents produced by BankUnited, N.A. revealed potential additional defendants and claims. Accordingly, on December 10, 2024, Trustee and Defendants Marich Bein, LLC and BankUnited, N.A. entered into a Joint Stipulation for Extension of Deadlines in Scheduling Order, which was granted and entered by the Court on December 11, 2024. [Adv. Dkt. Nos. 39, 43 and 47.] Accordingly, the following deadlines were set:

- Last date for non-discovery pre-trial motions to be heard:  June 13, 2025
- Last day for discovery to be completed:  May 12, 2025
- Pre-trial conference:  August 6, 2025 at 11:00 a.m.

[Adv. Dkt. No. 47.]

///

### III. PROPOSED AMENDMENTS

Trustee seeks leave to add to the Complaint (1) newly discovered parties; and (2) allegations related to their involvement in a criminal enterprise of directing fraudulent transfers in furtherance of Debtor's Ponzi scheme, diverting monies due to Debtor, obtaining dominion and control over Debtor's client files without consent, and engaging in wire fraud by directing fraudulent transfers.

Trustee has discovered the identity of the following entities and individuals who were involved in perpetuating Debtor's Ponzi scheme and who directed fraudulent transfers of money, client files, client funds and assets: BCB Bancorp, Inc. d/b/a BCB Community Bank ("BCB Bancorp"); Pacific Staffing, LLC ("Pacific Staffing"); CallFi, LLC ("CallFi"); AcuFi, LLC ("AcuFi"); Heshy Deustch ("Deustch"); Nachman Weisz ("Weisz"); Nicholas Kohlschreiber ("Kohlschreiber"); and, Israel Reches ("Reches").

BCB Bancorp, as a NACHA compliant ACH financial institution, was necessary for and used by Defendants to initiate and debit fraudulent transfers and utilized to advance illegal activity, including in furtherance of Debtor's Ponzi scheme.

Pacific Staffing served as an intermediary between the various Defendant entities by receiving and initiating fraudulent transfers of money, including money due to Debtor.

CallFi and AcuFi are entities and/or fictitious business names used by Defendant GoFi, LLC (collectively, the "GoFi Entities") that also received and initiated fraudulent transfers of money, including money due to Debtor, pursuant to illegal purchase agreements.

Deustch, Weisz and Reches are business partners and the owners, operators and/or controllers of Defendant Marich Bein, LLC. Kohlschreiber is the owner, operator and/or controller of Pacific Staffing and the GoFi Entities. Deustch, Weisz, Reches, and Kohlschreiber, through their respective entities, controlled, directed, and orchestrated the fraudulent transfers and illegal conduct in furtherance of and to conceal the Ponzi scheme.

Therefore, it has become evident that BCB Bancorp, Pacific Staffing, CallFi, AcuFi, Deustch, Weisz, Reches, and Kohlschreiber (collectively, "New Defendants") are all important parties to this action. Accordingly, Trustee requests leave to amend the Complaint to add these additional parties and allegations related to their involvement in the criminal enterprise.

4

### IV. THE COURT HAS AUTHORITY TO GRANT LEAVE TO AMEND A COMPLAINT

This Motion is brought pursuant to Federal Rules of Civil Procedure, Rules 15 and 21, which are made applicable to adversary proceedings by Federal Rules of Bankruptcy Procedure, Rule 7015. Federal Rules of Civil Procedure, Rule 15 provides that a party may amend their complaint once "as a matter of course" before a responsive pleading is served, and after that, the party may amend a pleading "only by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15(a)(1)-(2). Federal Rules of Civil Procedure, Rule 21 provides that the Court "[o]n motion or on its own, may at any time, on just terms, add or drop a party."

"Leave *shall be freely given when justice so requires*." *Id.* at (a)(2)(emphasis added). "[T]his mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). A court should resolve a motion for leave to amend "with all inferences in favor of granting the motion." *Griggs v. Pace Am. Group*, 170 F.3d 877, 880 (9th Cir. 1999)(citations omitted). Rule 15's policy favors amendments of pleadings, and that policy is applied with extreme liberality in California. *See, Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989); *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1051 (9th Cir. 2003). The purpose behind Rule 15 is to "facilitate a decision on the merits rather than on the pleadings or technicalities." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting, *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). "Although Rule 21, and not Rule 15(a) normally governs the addition of new parties to an action, the same standard of liberality applies under either Rule." *FTD Corp. v. Banker's Trust Co.*, 954 F. Supp. 106, 109 (S.D.N.Y 1997). Additionally, Rule 15's policy of "liberality in granting leave to amend *is not dependent on whether the amendment will add causes of action or parties*." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 188 (9th Cir. 1987)(emphasis added).

In *Foman,* the Supreme Court offered the following factors for district courts to consider in deciding whether to grant leave to amend:

> In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

*Foman,* 371 U.S. at 182.

The most important *Foman* factor in the Ninth Circuit is consideration of prejudice to the opposing party. *Eminence Capital,* 316 F.3d at 1052. "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original). Finally, "[t]he party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd*., 833 F.2d at 187 (internal citation omitted).

## V. THE COURT SHOULD GRANT TRUSTEE LEAVE TO FILE AN AMENDED COMPLAINT

### A. THERE IS NO UNDUE DELAY, BAD FAITH, OR DILATORY MOTIVE

Trustee did not unduly delay bringing this Motion to Amend because the proposed amendments are based largely on information learned through discovery, Grobstein & Teeples forensic accounting, and reviewing a growing mountain of documents available to date. Through review of these documents, Trustee uncovered key documents that evidence the New Defendants' fraudulent and criminal scheme to receive, initiate and conceal fraudulent transfers of money, including money due to Debtor, in furtherance of Debtor's Ponzi scheme and the criminal enterprise. Trustee has diligently prosecuted this matter and worked through voluminous amounts of evidence in order to support its claims against Defendants and recover Debtor assets for the benefit of the Estate. "Courts routinely allow parties to amend their pleadings after new information comes to light during discovery." *M.H. v. Cty. of Alameda*, 2012 WL 5835732, at *3 (N.D. Cal. Nov. 16, 2012); s*ee, e.g., FruCon Constr. Corp. v. Sacramento Mun. Util. Dist.,* 2006 WL 3733815, * 4 (E.D. Cal. Dec. 15, 2006) ("allowing parties to amend [under Rule 16] based on information obtained through discovery is common and well established."). Moreover, "delay alone no matter how lengthy is an insufficient ground for denial of leave to amend." *Webb*, 655 F.2d at 980.

Trustee also does not seek leave to amend in bad faith or with a dilatory motive. Bad faith is apparent in circumstances where "the plaintiff merely is seeking to prolong the litigation by adding new but baseless legal theories." *Griggs,* 170 F.3d at 881. However, whereas here, when the

"operative facts remain the same," leave to amend should be granted to facilitate a proper disposition on the merits. *Hurn v. Ret. Fund Tr. of Plumbing, Heating & Piping Indus. of S. California*, 648 F.2d 1252, 1254 (9th Cir. 1981); *see also United States EEOC v. Bay Club Fairbanks Ranch, LLC*, 475 F. Supp. 3d 1099, 1103 (S.D. Cal. 2020) (no prejudice where new allegations involved the same operative facts, witnesses, and documentary evidence); *Coilcraft, Inc. v. Inductor Warehouse*, 2000 U.S. Dist. LEXIS 6097 *8-9 (N.D. Ill. May 1, 2000) (no bad faith where plaintiff made "reasonable inquiry" into facts supporting new claim, introduced relevant evidence, and "has never mischaracterized the nature of the lawsuit").

Here, the proposed amendments seek to bring before the Court newly discovered information learned through discovery that are relevant to the disposition of this action. Where the underlying facts or circumstances of a case "may be a proper subject of relief, [a plaintiff] ought to be afforded an opportunity to test his claim on the merits." *DCD Programs, Ltd.,* 833 F.2d at 188 (*citing, Foman,* 371 U.S. at 182). The proposed amendments are not made in bad faith, as the information was recently discovered. Accordingly, the absence of bad faith supports granting Trustee's Motion.

### B. MARICH BEIN, LLC AND BANKUNITED, N.A. WILL NOT SUFFER UNDUE PREJUDICE AS A RESULT OF THE PROPOSED AMENDMENTS

The Ninth Circuit has held that an amended pleading may cause substantial prejudice to a party if it would greatly alter the nature of the litigation or require additional discovery that may result in a substantial delay in a final resolution of the action. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *Hip Hop Beverage Corp. v. RIC Representcoes lmportacaoe Comercio Ltda.*, 220 F.R.D. 614, 622 (C.D. Cal. 2003). This is not such a case.

Trustee's proposed amendments would not greatly alter the nature of the litigation or result in a substantial delay in a final resolution of this action. The proposed amendments seek to add owners, operators and/or officers of already named Defendant Marich Bein, LLC, as well as related entities AcuFi, CallFi, and Pacific Staffing and their owners, operators and/or officers. The substance of the allegations remains the same. While Trustee also seeks to also add claims for Racketeer Influenced and Correct Organizations Act Violations, Conspiracy, Aiding and Abetting,

and Declaratory Relief, these claims arise from the same set of allegations contained in the original Complaint.  A plaintiff is not precluded from amending a complaint to add claims to an otherwise proper complaint simply because the amendment may increase a defendant's potential liability. *See, e.g., Ward Electronics Service, Inc. v. First Commercial Bank*, 819 F.2d 496 (4th Cir 1987).

This case is at the discovery stage with no trial date pending.  As of the filing of this Motion, Marich Bein, LLC and BankUnited, N.A. have not served any written discovery on Trustee and have not noticed any depositions. *See, DCD Programs, Ltd.*, 833 F.2d at 188 (finding no evidence of prejudice in allowing party leave to file fourth amended complaint when "case is still at the discovery stage with no trial date pending").  Therefore, Marich Bein, LLC and BankUnited, N.A. will not face prejudice as a result of the proposed amendments. Nor would non-answering Defendants GoFi, LLC, Vulcan Consulting Group, LLC and Lisa Cohen, who have not participated in this litigation to date.

To the contrary, Trustee will face significant prejudice if leave to amend is denied. Review of the voluminous records related to Debtor has revealed the identities of entities and individuals who participated together in a criminal enterprise to control, direct, and orchestrate fraudulent transfers and illegal conduct in furtherance of and to conceal the Ponzi scheme, which was accomplished by means of wire fraud. Without leave to amend, Trustee will be unable to recover additional recently discovered Debtor assets for the benefit of the Estate.

### C.    THE PROPOSED AMENDMENTS WOULD NOT BE FUTILE

Denial of a motion for leave to amend on the ground of futility is rare "and courts generally defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Clarke v. Upton*, 703 F. Supp. 2d 1037, 1043 (E.D. Cal. 2010). A proposed amendment is futile if it fails to state a valid claim under Rule 12(b)(6). *M.H.,* 2012 WL 5835732, at *2; *see also Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 539 (9th Cir. 1989) (Ninth Circuit affirmed the district court's denial of a third leave to amend, finding that the proposed amendment was virtually the same as the claim that had been previously dismissed).

///

Here, no Defendant brought any 12(b)(6) challenge to the original Complaint. An amendment would not be futile, as the proposed amendments are necessary and not ineffective. The proposed allegations show and plausibly allege that currently named Defendants with the New Defendants participated together in a criminal enterprise to control, direct, and orchestrate fraudulent transfers and illegal conduct in furtherance of and to conceal the Ponzi scheme, which was accomplished by means of wire fraud. Accordingly, the proposed amendment would not be futile and leave to amend should be granted.

## VI. CONCLUSION

Based on the foregoing, Trustee respectfully requests the Court to grant the requested relief and permit the filing of the First Amended Complaint attached to the Declaration of Veneeta Jaswal filed herewith as Exhibit A.

Dated:  February 12, 2025                         DINSMORE & SHOHL LLP

By:  /s/ Veneeta Jaswal
   Christopher B. Ghio
   Richik Sarkar
   Veneeta Jaswal
   Special Counsel to Richard A. Marshack,
   former Chapter 11 Trustee for the
   Bankruptcy Estate of The Litigation
   Practice Group P.C. and current liquidating
   trustee of the LPG Liquidation Trust