**FOR PUBLICATION**

**FILED & ENTERED**

**OCT 22 2025**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>The Litigation Practice Group P.C.,<br><br>Debtor(s). | CHAPTER 11<br><br>Case No.: 8:23-bk-10571-SC<br>Adv No: 8:24-ap-01040-SC<br><br>**ORDER (1) GRANTING MOTION IN PART AND DENYING LEAVE TO AMEND; (2) GRANTING MOTION IN PART WITH LEAVE TO AMEND** |
| Richard A. Marshack, Chapter 11 Trustee,<br><br>Plaintiff(s),<br>v.<br><br>Marich Bein, LLC, *et al.*,<br><br>Defendant(s). | Date:    September 25, 2025<br>Time:    11:30 a.m.<br>Courtroom:    5C |

The Court has considered Defendants BCB Bancorp, Inc.'s and BCB Community Bank's (collectively "Defendants" or "BCB") Motion to Dismiss Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) filed on August 6, 2025 [Dk. 139]

-1-

("Motion"), Richard A. Marshack, Trustee of the LPG Liquidation Trust's ("Plaintiff" or "Trustee") Opposition filed August 27, 2025 [Dk. 142] ("Opposition"), BCB's Reply filed September 4, 2025 [Dk. 145] ("Reply"), the Second Amended Complaint filed July 24, 2025 [Dk. 133] ("SAC"), the Errata filed July 28, 2025 [Dk. 135], and the related pleadings. The Court has determined that this matter is appropriate for disposition without a hearing and finds good cause to GRANT the Motion and order the following:

1. The aiding-and-abetting RICO theory brought under 18 U.S.C. § 2 in Count Thirteen of the SAC is dismissed without leave to amend.
2. The aiding-and-abetting fraudulent-transfer and intentional-tort theories in Count Thirteen of the SAC are dismissed with leave to amend. Plaintiff may file a Third Amended Complaint within twenty-one (21) days of entry of this Order.
3. Count Fourteen, for declaratory relief, is dismissed as derivative.

## I.    INTRODUCTION

On March 26, 2025, Plaintiff filed the instant adversary case against Marich Bein, LLC, BankUnited, N.A., GOFI LLC, Vulcan Consulting Group, LLC, and Lisa Cohen, asserting various claims for Breach of Contract, Conversion, Turnover, Injunctive Relief and Avoidance and Recovery of Fraudulent Transfers. Plaintiff filed the First Amended Complaint on March 18, 2025 [Dk. 69] ("FAC"), adding claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), for conspiracy, aiding-and-abetting, and declaratory relief. The FAC asserted aiding-and-abetting and declaratory relief claims against BCB. The FAC states that Defendants knew that fraudulent transactions, transfers, and agreements were occurring and would continue to occur to perpetuate and conceal the Ponzi scheme and fraudulent transfers by and between Debtor and other defendants. [Dk. 69 pg. 47:19-23]. The FAC alleges that Defendants provided substantial assistance and encouragement in connection with the foregoing, that this conduct caused injury to the Estate, and seeks damages under 18 U.S.C. §§ 1962(d) and 1964(c). [Dk. 69 pg. 48:13-27]. Additionally, the FAC asks the Court to declare certain agreements void and unenforceable. [Dk. 69 pg. 49:8-12].

On May 19, 2025, Defendants filed their Motion to Dismiss First Amended Complaint [Dk. 114], arguing that Plaintiff's aiding-and-abetting claim against BCB fails as a matter of law or, in the alternative, that the FAC violates Fed. R. Civ. P. ("Rule") 8. Hence, Defendants argued that dismissal of all claims against them was warranted. On July 2, 2025, the Court entered an order granting the Motion to Dismiss First Amended Complaint with leave to amend. [Dk. 129] ("FAC Order"). In the FAC Order, the Court noted that the FAC failed to plead with specificity which intentional torts BCB aided and abetted and that 18 U.S.C. § 2 does not provide a private civil aiding-and-abetting right. [Dk. 129].

### a. The Second Amended Complaint

On July 24, 2025, Trustee filed the SAC which asserts the following claims against BCB: Aiding-and-Abetting under 18 U.S.C. § 2 and California Common Law (Count Thirteen), and Declaratory Relief (Count Fourteen). [Dk. 133 pgs. 50:15-52:22]. Trustee alleges that Debtor Litigation Practice Group P.C. ("Debtor") through its principal, Tony Diab, operated a Ponzi scheme whereby client funds were fraudulently transferred or misappropriated. [Dk. 133 pg. 9:2-6]. Trustee further alleges that Defendants knew that fraudulent transactions, transfers, and agreements were occurring and would continue to occur to perpetuate and conceal the alleged Ponzi scheme and fraudulent transfers between Debtor and other defendants. [Dk. 133 pg. 50:18-27]. Trustee alleges that BCB provided substantial assistance and encouragement in connection with the foregoing, that Tony Diab will eventually testify that BCB processed LPG's Automatic Clearing House ("ACH") transactions and assisted in fraudulently transferring ACH receivables, and that BCB has and will continue to assist other defendants in covering up details related to the alleged tortious conduct. [Dk. 133 pgs. 50:28-51:9]. Trustee states that this conduct caused injury to the Estate and seeks damages under 18 U.S.C. §§ 1962(d) and 1964(c). [Dk. 133 pg. 52:18-19]. Finally, Trustee alleges that transfers made to perpetuate the alleged Ponzi scheme constitute wire fraud. [Dk. 133 pg. 53:1-2]. On these grounds, Trustee seeks a

declaration that the subject agreements are void and unenforceable, among other relief.

### b. The Motion, Opposition and Reply

The Motion argues that Plaintiff's aiding-and-abetting claim against BCB fails as a matter of law and, in the alternative, that the SAC again violates Rule 8. [*See generally* Dk. 139]. BCB asserts that there is no private right of action for aiding-and-abetting under 18 U.S.C. § 2, citing *Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164 (1994), and that the SAC's allegations fail to meet the Rule 8 and 9(b) standards articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). BCB also argues the aiding-and-abetting claim is barred on its face by the doctrine of *in pari delicto.*

The Opposition asserts that the Motion is moot as Plaintiff intends to file a third amended complaint and, in the alternative, that the Motion should be denied on its merits. [Dk. 142 pg. 5:16-19]. Plaintiff contends that the Motion's *in pari delicto* argument should not be addressed at the pleading stage, as previously addressed in the FAC Order. [Dk. 142 pg. 5:23-25; Dk. 129]. Plaintiff further argues that the adverse-interest exception negates BCB's argument that the *in pari delicto* doctrine bars the aiding-and-abetting claim, and that under the Ninth Circuit's "innocent insider" exception, Plaintiff's claims should not be barred. [Dk. 142 pgs. 7:23-8:24]; *see also USACM Liquidating Tr. v. Deloitte & Touche LLP*, 754 F.3d 645, 652 (9th Cir. 2014). Plaintiff also asserts the SAC clearly pleads secondary liability and aiding-and-abetting liability consistent with *Salinas v. United States*, 522 U.S. 52, 63 (1997) and California law. [Dk. 142 pg. 9:20-22].

In the Reply, BCB contends that the prospect of a future amendment is irrelevant to the disposition of the current Motion. [Dk. 145 pg. 3:7-8]. BCB further maintains that Plaintiff lacks a private civil cause of action for aiding-and-abetting under 18 U.S.C. § 2 or RICO, and that the aiding-and-abetting claims fail for lack of sufficient specificity. [Dk. 145 pg. 9:10-14].

## II. MOTION TO DISMISS LEGAL STANDARDS

Fed. R. Bankr. P. 7012(b) incorporates Rule 12(b) and applies it to adversary proceedings. Under Rule 12(b), a party may assert any 12(b)(1)-(7) defense by motion. A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims in the complaint. *See Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629, 633 (1999). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff's complaint requires "only enough facts to state a claim to relief that is plausible." *Bell Atl. Corp.*, 550 U.S. at 570. The standard for plausibility only requires the plaintiff to produce facts that there is "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Additionally, the Court must assume the remaining factual allegations are true and draw all reasonable inferences in "the light most favorable to the plaintiff." *Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005).

The standards under Rule 9(b) are made applicable to adversary proceedings in bankruptcy through Fed. R. Bankr. P. 7009. When alleging fraud or mistake, the party "must state with particularity the circumstances constituting fraud or mistake." Rule 9(b). The fraud allegations in the complaint must "be 'specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'" *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)).

## III. DISCUSSION

### A. Aiding-and-Abetting RICO Claim

The Motion argues there is no civil aiding-and-abetting RICO claim. The Court agrees. Courts have consistently held that 18 U.S.C. § 2 does not give a general aiding-and-abetting claim for civil offenses. *See In re Chrysler-Dodge-Jeep EcoDiesel Mktg., Sales Practices & Prods. Liab. Litig.*, 295 F. Supp. 3d 927, 984 (N.D. Cal. 2018) ("While Congress has enacted a general aiding-and-abetting statute applicable to all federal criminal offenses, *see* 18 U.S.C. § 2, it has not done the same for civil offenses"); *see*

*also Cent. Bank of Denver, N.A.*, 511 U.S. 164.

District courts in the Ninth Circuit agree there is no civil RICO aiding-and-abetting cause of action. *See Mula v. Mula,* 2023 U.S. Dist. LEXIS 182448, at *45 (N.D. Cal. Oct. 10, 2023) (granting a motion to dismiss because, in part, there is no private right of action for RICO aiding-and-abetting claims); *see also Salas v. Int'l Union of Operating Eng'rs,* 2015 U.S. Dist. LEXIS 20077, at *20 (C.D. Cal. Feb. 18, 2015) (noting there is no civil liability for aiding and abetting a RICO violation but there is liability where defendants are named as principal RICO violators that aided and abetted the predicate acts underlying the RICO claim, and the other elements of such claim were met).

Trustee's assertion that *Salinas v. United States*, 522 U.S. 52 (1997), authorizes its RICO claim misrepresents the nature of that decision. While *Salinas* held that a RICO conspirator need not personally commit the predicate acts, *Salinas* involved a criminal prosecution; it was not a civil case. *See id*. Trustee further argues that "California courts enforce aiding-and-abetting and conspiracy liability when fraudulent transfers underlie RICO criminal enterprises." [Dk. 142 pg. 10:3-4]. But the cases Trustee cites do not address federal RICO claims. *See Taylor v. S & M Lamp Co.*, 190 Cal. App. 2d 700, 706 (1961); *Berger v. Varum*, 35 Cal. App. 5th 1013, 1025 (2019); *Monastra v. Konica Bus. Machs., U.S.A., Inc.*, 43 Cal. App. 4th 1628, 1644–45 (1996).

Accordingly, any theory predicated on aiding-and-abetting under RICO in the SAC fails as a matter of law.

### B. Trustee's Standing to Bring an Aiding-and-Abetting Claim

BCB argues Trustee does not have standing to bring the aiding-and-abetting claim. The Court agrees and finds that Trustee has not adequately pled his standing to bring the aiding-and-abetting intentional tort claims.

To have standing, Trustee is required to identify an estate-owned cause of action that authorizes a trustee to proceed on an aiding-and-abetting theory against a bank acting as a funds-movement intermediary or re-characterize the claims as those recognized as estate causes of action. *See Caplin v. Marine Midland Grace Trust Co.*,

Case 8:24-ap-01040-SC    Doc 157    Filed 10/22/25    Entered 10/22/25 11:55:43    Desc
Main Document    Page 7 of 13

406 U.S. 416 (1972) (concluding that a trustee lacks standing and that the statute provided no authority for the collection of money that is not property of the estate); *see also Williams v. Cal. 1st Bank*, 859 F.2d 664, 667 (9th Cir. 1988) (holding the trustee lacked standing because "like the bankrupt corporation in *Caplin*, [the debtor] has no claim of its own that it could press against the defendant."); *Smith v. Arthur Andersen Ltd. Liab. P'ship*, 421 F.3d 989, 1002 (9th Cir. 2005) ("If the debtor suffered an injury, the trustee has standing to pursue a claim seeking to rectify such injury.").

Consistent with this framework, courts within this circuit have found "that a bankruptcy trustee has no standing generally to sue third parties on behalf of the estate's creditors." *Smith*, 421 F.3d at 1002; *see also Kavoussi v. Chapter 7 Tr.*, 2007 U.S. Dist. LEXIS 113535 at *31-32 (C.D. Cal. Sept. 25, 2007) (affirming bankruptcy court's dismissal of trustee's conspiracy to commit fraudulent transfers claim for lack of standing); *Mann v. GTCR Golden Rauner, LLC*, 483 F. Supp. 2d 864, 880-81 (D. Ariz. 2007) (granting summary judgment in favor of defendant on aiding-and-abetting fraudulent transfer claim because trustee lacked standing); *Hoskins v. Citigroup, Inc.* (*In re Viola*), 469 B.R. 1 (B.A.P. 9th Cir. 2012) (holding that the trustee lacked standing to bring an aiding-and-abetting claim under Section 544(a)).

In the Opposition, Plaintiff correctly asserts "that if the debtor would have a valid claim against the defendants, barring claims against third parties by a trustee would not apply." [Dk. 142 pg. 11:3-6]; *see, e.g., Smith*, 421 F.3d at 1002. However, Trustee fails to make clear the specific avoidance theory or Bankruptcy Code provision supporting the aiding-and-abetting claims.

Specifically, Trustee has neither distinguished whether the alleged injuries represent general harm to the estate or particularized harm to individual creditors, nor has Trustee identified an estate-owned cause of action authorizing an aiding-and-abetting theory against the banking intermediary. Further compounding this issue, the SAC does not re-characterize the claims as recognized estate actions and lacks the

particularity required to plead BCB aided and abetted the transferees.[1] Without identifying an estate-owned cause of action or avoidance right under the Bankruptcy Code, Trustee lacks standing to pursue these claims.

### C. Adequacy of Plaintiff's Pleading

In the FAC Order, the Court found that Plaintiff's aiding-and-abetting allegations against BCB failed to satisfy the pleading requirements of Federal Rules of Civil Procedure 8(a) and 9(b). Specifically, the Court concluded that Plaintiff did not allege facts showing that BCB had actual knowledge of the alleged underlying fraudulent scheme or that it provided substantial assistance to any specific wrongful act. The Court further held that a general allegation that BCB "knew or should have known" that fraudulent transfers were occurring was insufficient, and that mere provision of ordinary banking services does not give rise to aiding-and-abetting liability under California law. *See, e.g., Casey v. U.S. Bank Nat'l Ass'n*, 127 Cal. App. 4th 1138, 1144 (2005).

The SAC does not materially cure these deficiencies. Although Plaintiff expands the list of entities and individuals allegedly engaged in fraudulent conduct, the SAC continues to rely on collective references to "Defendants" and fails to identify with particularity any communication, conduct, transaction, or relationship demonstrating that BCB knew of or intended to further the alleged scheme. Plaintiff alleges, "upon information and belief," that BCB served as a NACHA-compliant ACH processor used by defendant Marich Bein and others [SAC ¶ 9] but does not allege any facts showing that BCB was aware that the transactions it processed were fraudulent, nor that it took any affirmative steps to assist, conceal, or continue the alleged misconduct.

To survive a Rule 12(b)(6) motion, the complaint must include factual allegations that, accepted as true, state a claim for relief that is "*plausible on its face*." *Iqbal*, 556

---

[1] Rule 8 requires that a complaint's allegations "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968 (9th Cir. 2006). "A party need not plead specific legal theories in the complaint, s*o long as the other side receives notice as to what is at issue in the case.*" *Pac. Coast Fed'n of Fishermen's Ass'ns v. Glaser*, 945 F.3d 1076, 1086 (9th Cir. 2019) (quoting *Am. Timber & Trading Co. v. First Nat'l Bank of Oregon*, 690 F.2d 781, 786 (9th Cir. 1982)). As alleged, the SAC does not make clear the grounds upon which Trustee's claims rest. BCB requires notice of what theory Trustee is bringing the claims under.

U.S. at 678 (emphasis added). Mere conclusory statements or recitations of elements are not sufficient. *Id.* To state an aiding-and-abetting claim under California law, a plaintiff must allege both (1) actual knowledge of the specific primary wrong and (2) substantial assistance in accomplishing it. *Casey*, 127 Cal. App. 4th at 1144. Moreover, an aiding-and-abetting RICO claim under 18 U.S.C. § 2 requires a showing that a defendant provided *knowing* aid to persons committing federal crimes, with intent to facilitate the crime. *See Cent. Bank of Denver, N.A.*, 511 U.S. at 181 (citing *Nye & Nissen v. United States*, 336 U.S. 613, 619 (1949)).

      Plaintiff has not pleaded either Defendants' knowledge or substantial assistance with the requisite particularity. The SAC repeatedly asserts that BCB *"knew or should have known"* that fraudulent transfers were occurring and that it *"knew"* its services were being used to perpetuate the Ponzi scheme. [*See, e.g.,* SAC ¶ 258; SAC pg. 51 (emphasis added)]. These statements are conclusory and there are no specific allegations identifying who at BCB had such knowledge, when or how that knowledge was obtained, or what communications, transactions, or warnings might have put BCB on notice. This is insufficient to plead the requisite knowledge for an aiding-and-abetting claim under California common law (*see Gonzales v. Lloyds TSB Bank, PLC*, 532 F. Supp. 2d 1200, 1207 (C.D. Cal. 2006)) and under 18 U.S.C. § 2.

      As for substantial assistance, the SAC merely asserts that BCB's services were "necessary" to effectuate the fraudulent transfers, which is insufficient to infer scienter or intentional participation. Under California common law, the mere provision of ordinary banking services, even to a fraudulent enterprise, does not constitute "substantial assistance" absent allegations that the bank had actual knowledge of the specific tort. *Casey*, 127 Cal. App. 4th at 1149.[2] As a final note, the SAC does not distinguish between the statutory and common-law theories of aiding-and-abetting.

---

[2] The "Ponzi-scheme presumption," should it apply, does not alter this result. That doctrine applies only to establish a debtor's intent to defraud in the context of avoidance claims. It does not relieve a plaintiff of the obligation to plead facts showing a third party's knowledge or participation in the scheme. *See Casey*, 127 Cal. App. at 1149; *see also In re Agape Litig.*, 681 F. Supp. 2d 352, 360 (E.D.N.Y. 2010) (finding that a debtor's operation of a Ponzi scheme does not establish a bank's actual knowledge of the fraud). Thus,

Accordingly, even assuming *arguendo* that Trustee had standing, the SAC fails to allege a plausible aiding-and-abetting claim against BCB under both California common law and RICO.

### D. In Pari Delicto

In the Motion, BCB raises the *in pari delicto* doctrine as a defense to Trustee's aiding-and-abetting claim. [Dk. 139 pg. 7:23-24]. BCB argues that because Trustee acts on behalf of Debtor, it is subject to Debtor's own wrongdoing. [Dk. 139 10:2-5]. Trustee, in turn, defends the claim by arguing the "adverse interest" exception applies, because the fraud allegedly committed by Diab was harmful to LPG, and therefore cannot be attributed to it. [Dk. 142 pg. 8:13-14]. BCB counters the "adverse interest" exception by citing the "sole actor" exception, contending that Diab's complete control over the corporation means his actions must be imputed to it. [Dk. 139 pg. 12:8-12]. In response, Trustee argues that the "sole actor" exception is inapplicable due to the "innocent insider" exception, because innocent insiders who could have stopped the fraud existed within LPG [Dk. 142 pg. 9:2-3]. In its Reply, BCB argues that the "sole actor" exception still applies, claiming that since Diab fully ran and controlled LPG, the "innocent insider" exception cannot be used. [Dk. 145 pg. 5:12-15].

The Supreme Court has stated that state law governs whether *in pari delicto* applies. *FDIC v. O'Melveny & Myers*, 512 U.S. 79, 84-85 (1994). In California, *in pari delicto* is an equitable defense and not an issue of standing. *1100 Wilshire Blvd., LLC v. Tarczynski (In re Tarczynski)*, 2015 Bankr. LEXIS 617, at *31 (B.A.P. 9th Cir. 2015) ("California recognizes *in pari delicto* as an equitable defense in civil litigation.") (citing *Mailand v. Burckle,* 20 Cal. 3d 367, 143 Cal. Rptr. 1, 572 P.2d 1142, 1147 (Cal. 1978)); *see also Official Comm. of Unsecured Creditors v. R.F. Lafferty & Co.*, 267 F.3d 340, 346 (3rd Cir. 2001) ("An analysis of standing does not include an analysis of equitable defenses, such as *in pari delicto*."). Under the *in pari delicto* doctrine, a plaintiff who is

---

even accepting that LPG operated a Ponzi scheme, the SAC must still allege particularized facts demonstrating that BCB had actual knowledge of, and provided substantial assistance to, the underlying fraud, which it does not.

-10-

equally at fault for a wrong cannot sue another participant in that same wrong. *Casey*, 127 Cal. App. 4th at 1143.

The "adverse interest" exception prevents the application of *in pari delicto* where corporate agents act in a manner adverse to the interests of the corporation. *See Sugarman v. Taylor (In re Yellow Cab Coop., Inc.),* 602 B.R. 357, 362 (Bankr. N.D. Cal. 2019). Nevertheless, the "sole actor" exception stops an entity from using the "adverse interest" defense to *in pari delicto* when "the defrauded entity and the alleged bad actors are one and the same." *See In re Yellow Cab Coop., Inc.*, 602 B.R. 357 at 362. However, if an innocent decisionmaker exists with authority to stop the fraud, then the company and the individual are not the same entity, and the "sole actor" exception does not apply. *DC Solar Sols., Inc. v. Nixon Peabody LLP (In re Double Jump, Inc.)*, 2022 Bankr. LEXIS 2643, at *19 (Bankr. D. Nev. 2022); *see also USACM Liquidating Tr.*, 754 F.3d 645.

The applicability of these exceptions is highly fact intensive. *See DC Solar Sols., Inc. v. Nixon Peabody LLP (In re Double Jump, Inc.*), 2022 Bankr. LEXIS 2643, at *33 (Bankr. D. Nev. Sep. 22, 2022) (finding individual culpability for *in pari delicto* is a fact-intensive inquiry and inappropriate at the pleading stage unless the relevant facts appear on the face of the complaint). The Court in its previous order has already determined that *in pari delicto* is inappropriate for disposition of these claims at the motion to dismiss stage as the inquiry is too factual. [*See* Dk. 129]. The Court declines to apply *in pari delicto* for the same reasons articulated in the order on the FAC.

### E. Declaratory Relief

Plaintiff's claim for declaratory relief is derivative of the underlying RICO and common law theories. As the aiding-and-abetting theories against BCB are dismissed as set forth herein, the declaratory-relief claim as to BCB is likewise dismissed.

### F. Leave to Amend

A court should grant leave to amend unless the plaintiff could not possibly cure the defects in the pleading. *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th

Cir. 2009). When a release clearly bars a plaintiff from asserting their claims, dismissal with prejudice is appropriate. *See Marder v. Lopez*, 450 F.3d 445, 453 (9th Cir. 2006). Trustee requests leave to amend, stating, "Plaintiff intends to seek leave to file a Third Amended Complaint." [Dk. 142 pg. 5:14-16].

Again, Trustee cannot assert its RICO claims as 18 U.S.C. § 2 does not create a private civil cause of action. *See Sherrell v.* California, 2022 U.S. Dist. LEXIS 71248, at *5 (E.D. Cal. Apr. 18, 2022) (citing *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006)); *Dhoat v. Walia*, 2024 U.S. Dist. LEXIS 208120, at *28-29 (N.D. Cal. Nov. 15, 2024); *Cent. Bank of Denver, N.A.*, 511 U.S. 164. Accordingly, as it relates to Count Thirteen, the aiding-and-abetting RICO claim brought under 18 U.S.C. §2 is dismissed without leave to amend.[3]

As to the California common law aiding-and-abetting theories, intentional tort claims, and claim for declaratory relief, leave to amend is warranted. The Court perceives no bad faith, undue delay, prejudice to Defendants, or futility in permitting Plaintiff to amend the complaint, even though Plaintiff has already amended the complaint twice. Accordingly, leave to amend is permitted for Trustee's common law theories.

///
///

---

[3] Trustee is not foreclosed, however, from asserting estate-owned claims against BCB that the Bankruptcy Code authorizes or other non-derivative claims that belong to the estate. This ruling is limited to the aiding-and-abetting posture actually pleaded against BCB in the SAC.

### IV. CONCLUSION

For the foregoing reasons, the Court finds good cause to order as follows:

1. The aiding-and-abetting RICO theory brought under 18 U.S.C. § 2 in Count Thirteen of the SAC is dismissed without leave to amend.
2. The aiding-and-abetting fraudulent-transfer and intentional tort theories in Count Thirteen of the SAC are dismissed with leave to amend. Plaintiff may file a Third Amended Complaint within twenty-one (21) days of entry of this Order.
3. Count Fourteen, for declaratory relief, is dismissed as derivative.

**IT IS SO ORDERED.**

Date: October 22, 2025

Scott C. Clarkson
United States Bankruptcy Judge

-13-